## FOREMAN v. LAY, SURVIVING PARTNER, &C.

1. An attorney entered an appearance for the defendant, but when the cause was transferred to the trial docket, erased his name, writing thereon the word "mistake:" Held, that as the defendant had not been served with process, a judgment by *nil dicit*, or default, could not be rendered against him.

WRIT of error to the Circuit Court of Sumter.

R. H. SMITH, for the plaintiff in error.
BLISS & BALDWIN, for the defendant.

COLLIER, C. J.—This was an action of assumpit, at the suit of the defendant in error against the plaintiff, as the acceptor of a bill of exchange. The writ was returned, "not found"; but at the return term, an appearance was entered for the defendant by an attorney of the court. After the cause was placed on the trial docket, and before the same was called, the attorney who had appeared, erased his name from the docket, the word "mistake," being written thereon. Notwithstanding this condition of the case, the defendant was permitted to take a judgment by *nil dicit*. The question is, whether an attorney who has entered an appearance, by mistake, can be permitted to withdraw the same.

We can discover no sufficient reason why a mistake of this kind may not be corrected. In fact, it would have been improper for the court, when advised of the facts, to have permitted the appearance to stand to the prejudice of the defendant. If he had never employed an attorney to represent him, no one could with propriety undertake to do so, and it would be competent to prevent the consequences which would result from such an act, by striking from the cause the name of one, who had either designedly or by mistake thus connected himself with it.—Whether an attorney who had thus appeared, and occasioned a loss to the adverse party, would not be liable to him in damages, we will not undertake to say; but his name being erased, the defendant would be unrepresented; and not being before the court by the service of process, no recovery could be had against him.

· The judgment of the county court is reversed, and the cause remanded.